Joe Louis CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46264.

Court of Criminal Appeals of Texas.

June 27, 1973.

———◆———

Brantley Pringle, Fort Worth, for appellant.

Doug Crough, Dist. Atty., William A. Knapp, Robert S. Williams and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder. Punishment was assessed at twenty years.

The evidence shows that on June 22, 1968, at approximately 8:00 P.M., appellant and several other men were gathered in front of a cafe in Fort Worth. There was a disturbance and the owner of the cafe, Fred Rodgers, after an earlier admonishment to appellant, asked him and the others to leave. A short time thereafter, appellant threw an empty liquor bottle on top of the cafe. This act prompted another confrontation between Rodgers and appellant in which several "cuss words" were exchanged. The verbal exchange escalated to a point where the two men drew their previously concealed pistols and fired at each other at point blank range. Rodgers staggered backward against the side of the cafe and appellant retreated behind a parked car. Appellant testified that his pistol jammed, after firing the first shot, and that he crouched behind the parked car until he shucked the jammed bullet. He then raised up and fired another shot in the direction of Rodgers; this shot hit George Jones, but appellant testified that he did not see Jones when the shot was fired.

Doris McMillan, a waitress in the cafe, testified that she heard shots and immediately looked out the window. She testified that she saw George Jones and the appellant was standing directly behind him with a pistol in his hand. She said she heard appellant's pistol go off and watched Jones fall to the ground.

Both Jones and Rodgers died from the gunshot wounds. A ballistics expert identified the two bullets recovered from the two dead men as being .25 caliber and as having been fired from the same gun. Appellant's .25 caliber automatic pistol was introduced into evidence. Appellant was indicted and tried for the murder of George Jones.

Three grounds of error are raised, the first being that the trial court incorrectly instructed the jury on the issue of accident.

■ The court's charge, which included an instruction on murder with malice, murder without malice, self-defense and accident, told the jury to acquit the appellant if they believed he shot at Rodgers in self-defense but killed Jones by mistake or accident. This was sufficient to inform the jury of the law applicable to the facts as they were developed by the testimony. The requested instruction that,

"You are further instructed that no act done by accident is an offense against the law. Therefore, I instruct you that if you believe from the evidence that the defendant killed the deceased, but if you further believe, or have a reasonable doubt thereof, that the shooting by the accidental discharge of a pistol in the hands of the defendant, then the defendant should be acquitted."

was properly denied as it was not raised by the evidence. The appellant testified that he intentionally shot at Rodgers. There was no testimony raising the issue of accidental discharge.

■ The second ground of error contends the court erred in refusing to charge

the jury on the law of circumstantial evidence. Such contention is without merit. Doris McMillan's testimony was direct evidence that appellant shot George Jones.

■ By his third ground of error appellant complains of the admission into evidence of a .45 caliber pistol. Without reaching the merits of his complaint, we note that the pistol was never admitted into evidence. The state's attempt to have the pistol identified was not objected to by appellant nor was a request made of the court to instruct the jury to disregard the examination of the witness concerning the pistol.

There being no reversible error, the judgment is affirmed.